# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHALLAN ANDREW GALLEHER,** | : | No. 3:15cv267 |
| Petitioner | : | |
| v. | : | (Judge Munley) |
| | : | |
| JOHN WETZEL, Secretary of | : | (Magistrate Judge Saporito) |
| Corrections; ATTORNEY GENERAL | : | |
| OF THE STATE OF PENNSYLVANIA; | : | |
| and DISTRICT ATTORNEY FOR THE | : | |
| COUNTY OF BRADFORD, | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Petitioner Challan Andrew Galleher's (hereinafter "petitioner") motion for reconsideration. (Doc. 16). Petitioner moves for reconsideration of the court's May 2, 2016 Order (Doc. 15), which adopted Magistrate Judge Saporito's report and recommendation (hereinafter "R&R") and dismissed the underlying habeas corpus petition filed under 28 U.S.C. § 2254 (hereinafter "section 2254").

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir. 1985); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of

new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. <u>Max's Seafood Café</u>, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. <u>Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

    Petitioner's motion for reconsideration is not based on an intervening change in controlling law or new evidence not previously available. Rather, petitioner argues that the court committed a manifest error of law or must intervene to prevent manifest injustice. Specifically, petitioner asserts that he never received a copy of Magistrate Judge Saporito's report and recommendation, and therefore, he never had an opportunity to file objections. Thus, according to the petitioner, the court must re-open his case, re-issue the report and recommendation and provide petitioner more time to file objections. After a careful review, the court will deny petitioner's request.

    Petitioner contends the Pennsylvania State Correctional Institute at Forest (hereinafter "SCI-Forest") precluded him from receiving Magistrate Judge Saporito's R&R. The Fourteenth Amendment provides in relevant

part: "No state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust, 339 U.S. 306, 314 (1950).

Actual notice is not required under this standard. United States v. One Toshiba Color Television, 213 F.3d 147, 155 (3d Cir. 2000). Instead, "when an incarcerated individual is the one being served, the serving party must attempt to effect service where the prisoner may be found—that is, in prison, not the pre-incarceration address." Id. at 155. Additionally, the Third Circuit Court of Appeals has held that prisoners, who initiated the litigation in the first instance, have "the burden of proving that the prison's procedures fall short of the minimum required by the Constitution." Nunley v. Dept. of Justice, 425 F.3d 1132, 1138 (3d Cir. 2005) (citing United States v. Cupples, 112 F.3d 318, 320 (8th Cir. 1997).

In the instant matter, the receipt accompanying Magistrate Judge Saporito's R&R indicates that the Office of the Clerk of Court mailed the

R&R to petitioner on April 6, 2016.  (Doc. 14).  The Clerk of Court mailed the R&R to the petitioner at SCI Forest, PO Box 945, Marienville, PA 16239–the same address petitioner has received all correspondence in this case.  The R&R was not returned to the Clerk of Court as undeliverable nor was it returned as refused.  Furthermore, petitioner has offered no evidence or argument to establish that the prison's mail procedures fall short of the minimum required by the Constitution.  As such, the court presumes petitioner did indeed receive the R&R and chose to not file any objections within the prescribed time limits.

Moreover, the undisputed evidence demonstrates petitioner's section 2254 petition warrants dismissal because it is untimely.  Section 2254 provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

The statute of limitations for filing a petition under section 2254 is one year.  Specifically, the law provides:

4

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As stated in Magistrate Judge Saporito's R&R, petitioner's conviction became final on December 3, 2007.  (Doc. 14, R&R at 4).  Thus, petitioner had one-year, until December 3, 2008 to file his section 2254 petition.  (Id. at 5).  Petitioner, however, filed his habeas petition on January 26, 2015–more than **six years later**.  (Id.)  Petitioner's section 2254 petition is therefore untimely.

Furthermore, both statutory and equitable tolling fail to rescue petitioner's untimely filing.  Regarding statutory tolling, AEDPA tolls the

running of the limitations period during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Here, petitioner filed his state post-conviction relief petition on May 11, 2009–five (5) months after the AEDPA limitation period had expired. (Doc. 14, R&R at 5-8). The state court dismissed the petition as untimely. "While a properly-filed PCRA petition will toll the running of AEDPA's statute of limitations, an improperly filed PCRA petition does not have the same effect." Danner v. Cameron, 955 F. Supp. 2d 410, 416 (M.D. Pa. 2013) (citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (explaining that untimely state court post-convictions petitions cannot toll AEDPa's one-year limit because no petition was pending to toll the limit)). Thus, statutory tolling cannot rescue petitioner's untimely filing.

In addition to statutory tolling, the United States Supreme Court has held that the statute of limitations for section 2254 petitions may be tolled for equitable reasons in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). The Court explained that such tolling is only available where the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

6

way and prevented timely filing." Id. at 649 (internal quotation marks and citation omitted).

In the instant matter, equitable tolling is inapplicable because petitioner failed to pursue his rights diligently. As previously stated, petitioner's conviction became final on December 3, 2007. Petitioner, however, waited over sixteen (16) months before filing his PCRA petition in May 2009.

Petitioner asserts he filed an earlier PCRA petition in December 2007. The state appellate court rejected this argument and noted that the petitioner concedes that this "document does not appear in the certified record." Comm. of Pa. v. Galleher, 2014 WL 10802996, at *2, n.3 (Pa. Super. Ct. Aug. 28, 2014). The Pennsylvania Superior Court also determined that because "the certified record contains no evidence that [petitioner] filed, or attempted to file, a timely PCRA petition, [petitioner] cannot avoid the jurisdictional time bar." Id. Therefore, the record establishes that petitioner failed to diligently pursue his rights by filing a timely PCRA petition, which precludes equitable tolling.

For the above-stated reasons, the court will deny petitioner's motion for reconsideration. Petitioner has failed to rebut the presumption that he

received the R&R with time to file objections.  Additionally, petitioner's section 2254 petition is untimely, and statutory and equitable tolling fail to save the underlying petition from AEDPA's one-year statute of limitations. An appropriate order follows.


**Date:  05/24/2016**                                     **s/ James M. Munley**
                                                                    **JUDGE JAMES M. MUNLEY**
                                                                    **United States District Court**